IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

TERRY WALLS                                                               PLAINTIFF

v.                                               Cause No. 3:16CV030-DMB-JMV

CALHOUN COUNTY, SHERIFF GREG POLLAN,
IN HIS OFFICIAL CAPACITY, DEPUTY JANE
DOE, IN HER INDIVIDUAL AND OFFICIAL
CAPACITY, and DEPUTY JOHN DOE (1-10), IN
THEIR INDIVIDUAL AND OFFICIAL CAPACITIES     DEFENDANTS

**COMPLAINT**
(JURY TRIAL DEMANDED)

COMES NOW, TERRY WALLS, and files this, his Complaint against the Defendants, Calhoun County, Sheriff Greg Pollan, In His Official Capacity, Deputy Jane Doe, In Her Individual and Official Capacity, and Deputy John Doe (1-10), In Their Individual and Official Capacities (hereafter Defendants), and alleges the following:

PARTIES

2. Plaintiff, Terry Walls (hereinafter Plaintiff), is an adult resident citizen of Mississippi residing at 114 Cost Street, Bruce, Mississippi 38915.

3. Defendant, Calhoun County (hereinafter Defendant Calhoun), is a state entity which can be served with process by service on the Calhoun County Chancery Clerk's Office, located at 103 West Main Street, Pittsboro, Mississippi 38951.

4. Defendant, Sheriff Greg Pollan (hereinafter Defendant Pollan), employed with Calhoun County Sheriff's Department, is an adult resident citizen of Mississippi, and he may be served with process at 103 West Main Street, Pittsboro, Mississippi 38951.

5. Defendant, Deputy Jane Doe (hereinafter Defendant Jane), employed with the Calhoun County Sheriff's Department, is an adult resident citizen of Pittsboro, Mississippi, and

may be served with process at 103 West Main Street, Pittsboro, Mississippi 38951.

6. Defendant, Deputy John Doe (1-10) (hereinafter Defendant John), employed with the Calhoun County Sheriff's Department, is an adult resident citizen of Pittsboro, Mississippi, and may be served with process at 103 West Main Street, Pittsboro, Mississippi 38951.

## JURISDICTION

7. This court has jurisdiction over the subject matter herein pursuant to the provisions of Section 9-7-81 of the Mississippi Code of 1972, annotated, as amended in that all defendants are domiciled in Mississippi.

8. This court has in personam jurisdiction over the Defendants in that all defendants are residents of or do business in Calhoun County, Mississippi.

## VENUE

9. Venue is proper in this Court pursuant to Section 11-11-13 of the Mississippi Code of 1972, annotated, as amended, in that the incidents which gave rise to these claims occurred in Calhoun County, Mississippi.

## FACTUAL ALLEGATIONS

10. On or about December 8, 2014, Plaintiff reported to Defendant John 1 and Defendant Pollan that he was experiencing chest pains.

11. Plaintiff expressed to Defendant Pollan that he feared the he would die from a heart attack. Defendant Pollan immediate response was that 'he didn't care if Plaintiff died."

12. Before Plaintiff expressed his concern for his life, he made a simple request for medicine that relieves and/or treats chest pains. The date of this request was also December 8, 2014.

13. Defendant John (1-10) and Defendant Pollan deliberately ignored Plaintiff's

complaints and request for medical treatment and were deliberately indifferent to Plaintiff's need for medical care.

14. Plaintiff was FINALLY taken to see a physician in Bruce, Mississippi; however, he was not administered nor prescribed any heart medications. There was an unreasonable delay in seeking medical attention for Plaintiff.

15. As a result of Defendants actions, Plaintiff suffered a stroke on December 24th, 2014. Plaintiff was not provided medical treatment until the following day when he was taken to a hospital.

16. As a result, Plaintiff sustained injuries.

## COUNT ONE
## INJUNCTION PROHIBITING FUTURE CONDUCT
## OF A SIMILAR CHARACTER, KIND OR NATURE

17. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

18. The Plaintiff is entitled to, and hereby request, an injunction prohibiting the Defendants from committing conduct of the like, kind, character and nature as that demonstrated and described in this complaint at any time in the future within the jurisdiction of the Circuit Court of Calhoun County, Mississippi.

## COUNT TWO
## NEGLIGENT, GROSSLY NEGLIGENT, AND WANTON FAILURE IN HIRING AND
## TO MONITOR, TRAIN, AND SUPERVISE THE DEPUTIES INVOLVED.

19. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

20. The Defendants, Calhoun County, Mississippi and Greg Pollan, were grossly negligent and/or wanton in failing to monitor the actions of the Defendant Officers. They further

negligently and/or wantonly failed to train the aforementioned Defendants to properly protect, investigate, interrogate, or detain the Plaintiff and other similarly situated individuals. The Defendants negligently and/or wantonly failed to properly follow and/or apply their own city and law enforcement rules, ordinances, regulations, policies and procedures, as well as state law generally. Calhoun County, Mississippi and Sheriff Greg Pollan failed to properly supervise the actions of Defendant Officers.

21. As a direct and proximate result of the Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT THREE
## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

22. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

23. The Plaintiff alleges that the Defendants intentionally, negligently, and with reckless disregard inflicted extreme emotional distress upon their minds, spirits, and bodies. By condoning and/or ratifying the acts of the officer involved, the Defendants have caused the Plaintiff to suffer from emotional problems and mental anxiety.

24. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct. These Defendants conspired to protect their own interests and reputations, and to disregard the Plaintiff's rights to the detriment of the Plaintiff.

25. As a direct and proximate result of Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT FOUR
## VIOLATION OF FEDERAL DUE PROCESS, EQUAL PROTECTION, CIVIL RIGHTS LAWS UNDER 42 U.S.C. Section 1983 and 28 U.S.C. Section 1343 et al

26. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

27. Plaintiff would show unto the Court that the Defendants, with reckless disregard for Plaintiff's rights, took actions to deprive Plaintiff of his due process rights and equal protection rights.

28. Plaintiff suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

## COUNT FIVE
## DELAY / DENIAL OF ACCESS TO MEDICAL CARE

29. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

30. Plaintiff would show unto the Court that the Defendants, with reckless disregard for Plaintiff's medical condition, took actions to deprive Plaintiff of his rights to medical care.

31. Plaintiff suffered damages as a result of the aforementioned conduct as set out heretofore and /or hereinafter.

## PRAYER FOR APPROPRIATE RELIEF

32. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

33. As a result of the constitutional violations at the hands of the Defendants named herein, the Plaintiff has suffered severe and permanent damages for which the Defendants should be held jointly and vicariously liable.

34. As a result of the intentional and/or reckless disregard and/or grossly negligent and/or other negligent acts of the Defendants named herein, the Plaintiff has suffered severe and

permanent damages for which the Defendants should be held jointly and vicariously liable.

35. All Defendants are jointly and severally liable to the Plaintiff for the following damages: past, present and future pain, suffering and mental and emotional anguish; past, present and future loss of mobility and capacity; loss of enjoyment of life's normal activities; loss of society, lost wages, loss of wage earning capacity and all other damages to be proved at trial.

36. The Plaintiff brings this action against all Defendants and demands judgment and compensatory damages as a result of the negligent and/or intentional acts enumerated herein in an amount to be determined by this Court.

37. The acts of the Defendants enumerated herein were so grossly negligent and reckless; utterly offensive; and were committed with such utter disregard for the rights of the Plaintiff and others similarly situated as to amount to willful, wanton, and/or intentional misconduct, thereby entitling the Plaintiff to an award of punitive damages to be determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiff respectfully prays for judgment against all Defendants, compensatory damages, punitive damages, any and all damages allowed by federal law, pre-judgment interest, post-judgment interest, attorney's fees, Veasley type damages, and all costs of this proceeding with such final amount being at least $500,000.00 or an aggregate sum equal to the maximum amount of recovery allowed by federal law, plus any recovery to be determined by a jury and allowed under any applicable federal laws and guidelines.

This the _3rd_ day of February, 2016.

RESPECTFULLY SUBMITTED,
PLAINTIFF

By: _/s/ Carlos E. Moore_
CARLOS E. MOORE, MSB #100685

**OF COUNSEL:**

**MOORE LAW GROUP, P.C.**
306 BRANSCOME DRIVE
P.O. BOX 1487
GRENADA, MS 38902
(662) 227-9940
(662) 227-9941 (FAX)