IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TERRY WALLS**                                                                              **PLAINTIFF**

**V.**                                                 **CIVIL ACTION NO.: 3:16-cv-30-DMB-JMV**

**CALHOUN COUNTY, SHERIFF GREG POLLAN,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
DEPUTY JANE DOE, IN HER INDIVIDUAL AND
OFFICIAL CAPACITY, and DEPUTY JOHN DOE
(1-10), IN HIS INDIVIDUAL AND OFFICIAL CAPACITY**        **DEFENDANTS**

## ORDER DENYING MOTION TO SUBSTITUTE PARTY

This matter is before the court on the plaintiff's motion [34] to substitute Jailer Steve Poindexter in the place of John Doe defendant No. 1 in the complaint. For the reasons explained below, the motion will be denied.

*Procedural Status*

This suit for delay/denial of medical care (among other claims) was filed on February 5, 2016, naming Calhoun County and the Sheriff, in his official capacity, and Jane and John Does 1-10 in their individual and official capacities. On November 23, after expiration of the expert designation and discovery deadlines and 16 days before expiration of the motions deadline (itself 5 months and 13 days prior to the trial date), Plaintiff moved to substitute Poindexter in the place of John Doe No1. According to Plaintiff's counsel he did not learn of the real name of John Doe 1 until the Sheriff identified him at his (the Sheriff's) deposition taken by the Plaintiff in early November 2016.

*Allegations Against John Doe No.1*

The original complaint asserts only as follows pertaining to John Doe 1: "On December 8, 2014, Plaintiff reported to John Doe 1 and Defendant Pollen that he was experiencing chest pains." Compl. ¶ 10. The complaint makes no other allegation that Plaintiff reported or requested anything of John Doe 1[1], though Plaintiff does further allege that John Doe 1 ignored his complaint of chest pain. Plaintiff alleges that apparently some days later he was taken by the County to a physician who he complains did not prescribe him medication. According to defendants, Plaintiff was released from custody on December 18, 2014. Plaintiff alleges he suffered a stroke on December 24, 2014. Compl. ¶ 15.

*The Causation Expert*

Plaintiffs' designation of a medical expert reads, as concerns any testimony he might give at trial, as follows:

> Dr. Lovelace is a treating physician of Terry Walls and is expected to Testify regarding the overall health and conditions suffered by Mr. Walls. He will also provide insight regarding his medications, treatment, and medical analysis regarding the effects associated with not taking his medicine as prescribed. He will also be knowledgeable in regards to the adverse effects associated with not receiving treatment.

Notably, there is absolutely nothing in the expert designation to support that this physician will testify at trial that the conduct Plaintiff complains John Doe 1 engaged in (ignoring, on December 8, 2014, Plaintiff's statement that he was experiencing chest pain) had anything whatsoever (much less caused or substantially contributed to a reasonable degree of medical

---

[1] The complaint does, however, go on to assert that Plaintiff also made the statement "he feared the [sic] he would die from a heart attack" to *another* defendant and before making that statement, he requested medicine to relieve his chest pain. Compl. ¶ 11.

certainty) to do with the injury complained of (an alleged stroke on December 24) some 16 days later.

*Conclusion*

The undersigned finds that the motion to substitute is without merit for a number of reasons, including that granting the motion would seriously prejudice the new individual defendant's ability to properly prepare and present, in a timely fashion, a motion and accompanying brief for qualified immunity; because adding this defendant at this late date would be futile as to the state law claims since this defendant's identity was not mistaken--only allegedly undiscovered--and, accordingly, even if the amendment were allowed, the 1 year statute of limitations would bar all of the state law claims under the Mississippi Tort Claims Act[2]; and, most notably, because there has been no medical expert timely designated to testify that, in their opinion, whatever it is Plaintiff alleges Poindexter did or did not do on December 8, 2014, caused--to a reasonable degree of medical certainty-- a stroke 16 days later and almost a week after Plaintiff had been released from custody. Absent a properly designated expert offering such an opinion, adding this new defendant would be a futile exercise.

For the foregoing reasons, the motion is not well taken and is denied.

So Ordered this 9th day of December, 2016.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE

---

[2] *See Jacobsen v. Osborne*, 133 F.3d 315 (5th Cir. 1998)(Amendment to substitute named party for "John Doe" defendant could not relate back to original complaint in order to prevent time-bar; there was no "mistake" in identifying correct defendant, but rather, problem was not being able to identify that defendant. Fed.R.Civ.P. 15(c)(3)).